IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00261-RJC-DCK

| | |
|---|---|
| RICHARD C. FOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| STATE FARM MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| USAA GENERAL INDEMNITY | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "State Farm Mutual Automobile Insurance Company's Motion To Dismiss (Rule 12(b)(6))" (Document No. 6) and "USAA General Indemnity Company's Motion To Dismiss (Fed. R. Civ. P. RULE 12(b)(6))" (Document No. 8). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Court remand the case to Mecklenburg County Superior Court because the undersigned concludes *sua sponte* that the Court lacks subject matter jurisdiction. In the alternative, the undersigned respectfully recommends that the pending motions to dismiss be granted.

## I. BACKGROUND

Plaintiff Richard Foy ("Plaintiff" or "Foy") initiated this action with the filing of a *pro se* "Complaint" in Mecklenburg County Superior Court against Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and USAA General Indemnity Company ("USAA") (collectively, "Defendants") on March 31, 2020. (Document No. 1-1). Plaintiff's

Complaint alleged one claim against Defendants for violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1.  Id. at p. 2.  Plaintiff's claim seems to arise from a car crash between Plaintiff and another driver, Lawanna Scott ("Scott"), that occurred on February 22, 2020 in a Walmart parking lot in Concord, North Carolina.  Id. at pp. 4-6.  USAA insured Foy at the time of the accident, and State Farm insured Scott.  Id. at p. 6.  Plaintiff alleges that Scott was the at-fault driver, according to the police report.  Id. at p. 3.

Foy made a claim for property damage with Scott's insurer, State Farm, which denied the claim on the grounds that Foy "was equally at fault."  Id. at p. 6.  He alleges that he contacted State Farm again, and allegedly a State Farm representative indicated that State Farm would accept the claim after further review.  Id. at pp. 6-7.  However, State Farm then allegedly retracted this statement, refusing to accept the claim for Foy's property damage.  Id. at p. 7.  Although he contends that USAA did not assist him in investigating the accident to determine liability, Foy then indicates that USAA (his own insurer) did pay him approximately $4,000 under his collision coverage policy.  Id. at pp. 6, 7; see (Document No. 9, p. 16).  He alleges that both State Farm and USAA did not look at the police report summarizing the accident before determining liability and refused to amend their determinations even after receiving the report.  Id. at p. 5.  Plaintiff contends that State Farm and USAA's determinations of both liability and the amount of property damages were made with an intent to deceive him in order "to reduce their cost[s] and increase Foy's annual automobile insurance rates," thus violating the UDTPA. Id. at pp. 2-3.

In his Complaint, Foy seeks compensatory damages totaling $15,000 ($10,000 to repair his vehicle and $5,000 in lost value to the vehicle), $8,000 in estimated fees for his own "time

2

Case 3:20-cv-00261-KDB-DCK   Document 18   Filed 03/11/21   Page 2 of 13

and expenses investigating the accident at a rate commensurate with current legal representation," and $250,000 in punitive damages. Id. at p. 9.

On May 1, 2020, Defendant USAA filed a "Notice of Removal" in this Court, contending that the Court has subject matter jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity among the parties and the amount in controversy exceeds $75,000. (Document No. 1, p. 2). The Notice indicates that State Farm consented to the removal. Id. at p. 3.

On May 6, 2020, State Farm filed the pending "Motion To Dismiss" (Document No. 6) and accompanying "Memorandum Of Law In Support Of Motion To Dismiss" (Document No. 7). Plaintiff filed a response, styled as a "Motion To Respond To Defendant State Farm Mutual Insurance Company's Motion To Dismiss" (Document No. 9), and an accompanying "Memorandum Of Law To Support Richard C Foy's Motion To Deny State Farm Mutual Insurance Company's Motion To Dismiss" (Document No. 9-1) on May 19, 2020. On May 26, 2020, State Farm filed a "Notice Regarding Reply Under Local Rule 7.1," indicating its intent not to reply under Local Rule 7.1(e) to Plaintiff's response to its motion to dismiss. (Document No. 11).

On May 8, 2020, USAA filed the pending "Motion To Dismiss" (Document No. 8) and accompanying "Memorandum Of Law In Support Of Motion To Dismiss" (Document No. 8-1). Plaintiff filed a response, styled as a "Motion To Respond to Defendant USAA General Indemnity Company's Motion To Dismiss" (Document No. 10), and an accompanying "Memorandum Of Law To Support Richard C Foy's Motion To Deny USAA General Ind[e]mnity Company['s] Motion To Dismiss" (Document No. 10-1) on May 19, 2020. On May 26, 2020, USAA filed a "Notice Regarding Reply Under Local Rule 7.1," indicating its intent

3

not to reply under Local Rule 7.1(e) to Plaintiff's response to its motion to dismiss. (Document No. 12).

Both motions have now been fully briefed and are ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

4

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Before turning briefly to the arguments in the Defendants' motions to dismiss, at the outset, it is apparent to the undersigned that this Court lacks subject matter jurisdiction over Plaintiff's claim. The amount in controversy, as explained below, does not exceed $75,000 – a key requirement to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a). Thus, on this ground alone, the undersigned respectfully recommends that this case be remanded to Mecklenburg County Superior Court because removal of this case on the basis of diversity jurisdiction is improper.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court can *sua sponte* consider the issue of subject matter jurisdiction at any time. Fed.R.Civ.P. 12(h)(3). Where the Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." Id.; see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("[t]he objection that a federal court lacks subject-matter jurisdiction [] may be raised by a party, or by a court on its own initiative, at any stage in the litigation"). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), defendants

can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The original jurisdiction of federal courts "lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship, 28 U.S.C. §§ 1331 and 1332(a)." Brunson v. McNeil, 2019 WL 5783552, at *1 (M.D.N.C. Aug. 13, 2019). Moreover, "[t]he party seeking removal bears the burden of establishing federal subject matter jurisdiction." Jones v. Wells Fargo Co., 671 F. App'x 153, 154 (4th Cir. 2016). District courts must "strictly construe removal jurisdiction" because it "raises significant federalism concerns." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Where there is doubt over the federal court properly having jurisdiction over a case, "a remand is necessary." Id.; see also 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

"To satisfy the requirements of federal diversity jurisdiction[], the civil action must be between 'citizens of different States,' [] and the amount in controversy must exceed $75,000." Unitrin Auto & Home Ins. Co. v. Bastida, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing 28 U.S.C. § 1332(a)(1)). It is uncontested in this case that complete diversity exists between the parties, given that Plaintiff is a citizen of North Carolina, Defendant State Farm is a citizen of Illinois, and Defendant USAA is a citizen of Texas. (Document No. 1, p. 2). Thus, the key factor in this case is whether the amount in controversy exceeds $75,000.

Usually, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)); see also Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) ("[i]f diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then 'the sum demanded in good faith in the initial pleading

shall be deemed to be the amount in controversy'" (citing 28 U.S.C. § 1446(c)(2))). However, according to the Fourth Circuit, "dismissal of a complaint is appropriate where it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Unitrin Auto & Home Ins. Co., 2009 WL 3591190, at *1 (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289). In order to determine the amount in controversy, a district court "should consider any special or punitive damages, such as treble damages" that are available to a plaintiff under applicable law. R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 n.3 (4th Cir. 2001); see also Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A., 2019 WL 2992219, at *3 (M.D.N.C. July 9, 2019) ("[t]reble damages and punitive damages are generally included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law"). Still, "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983); see also Zahn v. Int'l Paper Co., 469 F.2d 1033, 1033 (2d Cir. 1972) ("in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages"), *aff'd* 414 U.S. 291 (1973), *superseded on other grounds by statute*, 28 U.S.C. § 1367.

Here, Plaintiff is claiming $15,000 in actual damages, an additional $8,000 for what the Court here liberally construes as "attorneys' fees" (although that amount represents the expenses associated with the legal work that Plaintiff conducted as a *pro se* plaintiff), and $250,000 in punitive damages. As stated above, both actual damages (including treble damages, if warranted by the applicable state law) and punitive damages can be counted in the calculation of the amount in controversy for purposes of diversity jurisdiction. Thus, given that Plaintiff's only claim arises under the UDTPA, a review of the available damages under that state statute is

7

Case 3:20-cv-00261-KDB-DCK    Document 18    Filed 03/11/21    Page 7 of 13

warranted.  Under the UDTPA, the only available damages include treble damages.  See Respess v. Crop Prod. Servs., Inc., 2016 WL 3821163, at *2 (E.D.N.C. July 13, 2016) ("North Carolina does not permit the recovery of punitive damages for violations of the UDTPA," thus holding that "plaintiffs' demand for punitive damages cannot be included in the amount in controversy"); Landmar, LLC v. Wells Fargo Bank, N.A., 2014 WL 333562, at *2 (W.D.N.C. Jan. 29, 2014) (same).  The North Carolina Court of Appeals has stated that the exclusivity of treble damages as the form of remedy under the UDTPA is premised upon the rationale that "the treble damage award consists of a punitive element," making "an additional award of punitive damages…duplicative."  Pinehurst, Inc. v. O'Leary Bros. Realty, Inc., 338 S.E.2d 918, 925 (N.C. Ct. App. 1986).

Plaintiff thus cannot seek punitive damages at all, given that his only claim is under the UDTPA.  His only potential remedy would constitute treble damages plus attorney's fees.  If Plaintiff's actual damages were trebled, that would result in damages totaling $45,000 under the UDTPA, plus a potential $8,000 in "attorneys' fees" – for a sum of $53,000.  Undoubtedly, this amount falls short of the amount required to satisfy the amount-in-controversy requirement.  The undersigned thus concludes that it is evident to a legal certainty that the amount in controversy to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a) does not exceed $75,000.  Respectfully, the undersigned recommends that the case thus be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**B. Motions To Dismiss**

In the alternative, the undersigned will briefly analyze the arguments raised in both State Farm and USAA's motions to dismiss.

**i. State Farm's Motion To Dismiss**

State Farm argues that Plaintiff's UDTPA claim should be dismissed against it pursuant to Federal Rule of Civil Procedure 12(b)(6) because the "Complaint lacks factual and legal [support] sufficient to state a claim upon which relief can be granted." (Document No. 6, p. 2). State Farm argues that "[u]ntil a third-party establishes the liability of an adverse party through judgment, North Carolina law precludes a third-party from asserting a claim under N.C. Gen. Stat. § 75-1.1 against the insurer of the adverse party." Id. Foy, as the third party, has "not plead facts showing he has obtained a judgment against State Farm's insured, Ms. Scott," and therefore, Defendant contends, Plaintiff's UDTPA claim against State Farm must be dismissed. Id. Plaintiff's only evident response to Defendant's argument points again to facts stated in his Complaint – he makes no legal argument to support his position that State Farm's motion to dismiss should be denied. Plaintiff reiterates his contention that both State Farm and USAA "made their decisions regarding who was at fault before having the police report; which showed that [] Scott [] was at fault; which strongly shows that this is a standard operating procedure." (Document No. 9, p. 3). He also contends that "defendant disputes none of the facts and the case references can't be correct as they are all regarding a third party is not true [sic] and the courts seldom [d]ismiss cases on 12(b)(6) and on appeal the court vacates these cases." (Document No. 9-1, p. 11). Plaintiff fails to provide any support for this latter contention, and indeed, the Court points out that this suggestion is patently false. Courts routinely grant motions to dismiss pursuant to Rule 12(b)(6) where warranted.

The undersigned is persuaded by State Farm's convincing argument that its motion to dismiss Plaintiff's Complaint as against State Farm should be granted. At this point, given the plethora of case law indicating that a UDTPA claim may not be brought against an insurer of an adverse party until the third party has secured a judgment against the adverse party itself, the

9

Complaint is premature. See Craven v. Demidovich, 615 S.E.2d 722, 724 (N.C. Ct. App. 2005) (holding that claims against an insurer by a third party are not recognized in North Carolina prior to the plaintiff "obtain[ing] a judgment against the defendant insurance company's insured"); Wilson v. Wilson, 468 S.E.2d 495, 497 (N.C. Ct. App. 1996) ("a private right of action under [] N.C.G.S. § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party" where the third-party claimant is not in privity with the insurer); and Lee v. Mut. Cmty. Sav. Bank, 525 S.E.2d 854, 857 (N.C. Ct. App. 2000) (same). Thus, in the alternative, the undersigned respectfully recommends that State Farm's Motion To Dismiss be granted.

    **ii.    USAA's Motion To Dismiss**

USAA argues that the Court should grant its motion to dismiss Plaintiff's Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for a few reasons. One, USAA argues that "North Carolina does not recognize the type of [unfair and deceptive trade practices] claim that Plaintiff seeks to present against his own insurance company." (Document No. 8-1, p. 4). USAA then argues that "even if [Plaintiff's claim] is recognized under North Carolina law," Foy has failed to "allege that any action by USAA has proximately caused him any damages in this case," an essential element of proving entitlement to relief under the UDTPA. Id. at pp. 4, 7-8. The undersigned will address only this latter argument, as analyzed below. Plaintiff's response again (as with his response to State Farm's motion to dismiss) fails to rebut the legal arguments asserted in USAA's memorandum supporting its motion to dismiss, instead reiterating bald allegations of "deception" by USAA associated with the liability determination and payment. See (Document No. 10). He repeats the assertion made in response to State Farm's motion to dismiss that "defendant disputes none of the facts and the case references can't be

10

Case 3:20-cv-00261-KDB-DCK   Document 18   Filed 03/11/21   Page 10 of 13

correct as they are all regarding a third party is not true [sic] and the courts seldom [d]ismiss cases on 12(b)(6) and on appeal the court vacates these cases." (Document No. 10-1, p. 11).

In order "[t]o establish a claim of unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes ('UDTPA')," a plaintiff needs to prove three elements: "(1) an unfair or deceptive act or practice, or unfair method of competition, (2) in or affecting commerce, and (3) which proximately caused actual injury to the plaintiff or his business." Williams v. Ohio Nat'l Life Assurance Co., 364 F. Supp. 3d 605, 614 (W.D.N.C. 2019) (citing Murray v. Nationwide Mut. Ins. Co., 472 S.E.2d 358, 362 (N.C. Ct. App. 1996)). Actions that constitute "unfair or deceptive" practices include practices "which offend[] established public policy, and which can be characterized by one or more of the following terms: 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Murray, 472 S.E.2d at 362 (citing Miller v. Nationwide Mut. Ins. Co., 435 S.E.2d 537, 542 (N.C. Ct. App. 1993)). Furthermore, actions that "manifest[] an inequitable assertion of power or position" also are considered "unfair trade practice[s]." Murray, 472 S.E.2d at 362 (citation omitted). "[U]nder North Carolina law, the conduct sufficient to constitute an unfair or deceptive trade practice is a somewhat nebulous concept, and depends on the circumstances of the particular case." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 164 (4th Cir. 2012) (quoting ABT Bldg. Prods. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 122-23 (4th Cir. 2006)). Undoubtedly, though, "only practices involving 'some type of egregious or aggravating circumstances are sufficient to violate the UDTPA.'" Id. In the insurance context, the Insurance Unfair Trade Practices Act (the "IUTPA") in North Carolina enumerates various practices that would automatically be considered as "unfair or deceptive trade practices" under the UDTPA. ABT Bldg. Prods., 472 F.3d at 123 (citing N.C. Gen. Stat. § 58-63-15(11)). "Occurrence of the

alleged conduct, damages, and proximate cause are questions of fact for the jury, but whether the conduct was unfair or deceptive is a legal issue for the court." Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch, 80 F.3d 895, 902 (4th Cir. 1996).

The main acts that Plaintiff alleges USAA committed include: (1) determining liability without having the police report, and even after receiving the report, refusing to change its determination that Foy was partially responsible; (2) failing to investigate the accident by not contacting State Farm to determine liability, by not explaining their payment of expenses (which, notably, seems like a questionable allegation given Plaintiff's attachment to his response of a letter from USAA to Foy), and by not contacting the other driver; (3) failing to indicate to Plaintiff that if his repair expenses exceeded USAA's estimate, Plaintiff would be responsible for the difference in cost; and (4) paying Plaintiff approximately $4,000 under his collision coverage.  (Document No. 10, pp. 3-6, 15).  The undersigned concludes that none of these practices involve "egregious" or "aggravating" circumstances – or, for that matter, are inherently wrong.  Furthermore, after a review of the factors in the IUTPA that automatically qualify as acts violating the UDTPA, the undersigned concludes that none of the factors apply to the above alleged facts.  N.C. Gen. Stat. §§ 58-63-15(11)(a)-(n).  Thus, given that Plaintiff's Complaint fails to allege facts that constitute "unfair or deceptive" trade practices or acts, his UDTPA claim against USAA must fail.  The undersigned therefore respectfully recommends in the alternative that USAA's motion to dismiss Plaintiff's Complaint against it be granted.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that this case be remanded to Mecklenburg County Superior Court because the undersigned has concluded *sua sponte* that this Court lacks subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED**, in the alternative, that "State Farm Mutual Automobile Insurance Company's Motion To Dismiss (Rule 12(b)(6))" (Document No. 6) and "USAA General Indemnity Company's Motion To Dismiss (Fed. R. Civ. P. RULE 12(b)(6))" (Document No. 8) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

_____
David C. Keesler
United States Magistrate Judge

13

Case 3:20-cv-00261-KDB-DCK  Document 18  Filed 03/11/21  Page 13 of 13