IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00261-KDB-DCK

| | |
|---|---|
| RICHARD C FOY,<br><br>**Plaintiff,**<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY; and USAA GENERAL INDEMNITY COMPANY,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 6, 8), the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered March 11, 2021 (Doc. No. 18), Plaintiff's Objection to the M&R (Doc. No. 23), and Defendants' Objections to the M&R (Doc. Nos. 19, 20).

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de*

1

*novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Pursuant to Federal Rule of Civil Procedure Rule 12(h)(3), the Court may *sua sponte* consider the issue of subject matter jurisdiction at any time. *See* Fed.R.Civ.P. 12(h)(3). Where the Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.*; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("[t]he objection that a federal court lacks subject-matter jurisdiction [] may be raised by a party, or by a court on its own initiative, at any stage in the litigation"). Federal Courts' subject matter jurisdiction is "limited and [a court] may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When there is doubt over the court's jurisdiction, "a remand is necessary." *Id*.

After an independent review of the Magistrate Judge's detailed and thorough M&R, the Plaintiff's and Defendants' Objections thereto, and a *de novo* review of the motions and the full record in this matter, the Court concludes that the recommendation that this case be remanded to Mecklenburg County Superior Court because this Court lacks subject matter jurisdiction is correct.

Plaintiff's only claim in this action arises under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Plaintiff is claiming $15,000 in actual damages, an additional $8,000 for what Magistrate Judge Keesler liberally construed as "attorneys' fees," and $250,000 in punitive damages. (Doc. No. 1-1). However, under the UDTPA, a plaintiff may recover

trebled actual damages and attorneys' fees but may not recover punitive damages. *See Respess v. Crop Prod. Servs.*, Inc., 2016 WL 3821163, at *2 (E.D.N.C. July 13, 2016) ("North Carolina does not permit the recovery of punitive damages for violations of the UDTPA," thus holding that "plaintiffs' demand for punitive damages cannot be included in the amount in controversy"); *Landmar, LLC v. Wells Fargo Bank, N.A.*, 2014 WL 333562, at *2 (W.D.N.C. Jan. 29, 2014) (same).

If Plaintiff's actual damages were trebled, that would result in damages totaling $45,000 under the UDTPA. So, even including an additional potential recovery of $8,000 in "attorneys' fees," the Plaintiff's total potential recovery is only $53,000. Indisputably, this sum falls short of the compulsory amount of over $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a), which is the sole grounds asserted for federal jurisdiction. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims.

Defendants nevertheless urge the Court to retain jurisdiction under *Shanaghan v. Cahill* 58 F.3d 106 (4th Cir. 1995), in which the Fourth Circuit disagreed with a district court's conclusion that it was "faced with a mandatory obligation to dismiss the case in its entirety" when dismissal of a portion of the plaintiff's claim resulted in the remaining damages falling below the amount in controversy requirement, finding instead that the district court had discretion to retain the case in those circumstances. However, the situation here is different. Unlike in *Cahill*, this matter has never properly been before the Court and therefore it would be improper to accept / "retain" jurisdiction over it.

Therefore, the findings and conclusions of the Magistrate Judge are **ADOPTED**, and it is **ORDERED** that this case be remanded to Mecklenburg County Superior Court due to lack of

3

subject matter jurisdiction in accordance with the M&R. The Court need not, and does not, reach the merits of the Defendants' Motions to Dismiss.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT** this case be remanded to Mecklenburg County Superior Court.

Signed: January 14, 2022

Kenneth D. Bell
United States District Judge